IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY LEWIS, an adult individual | Civil Action No.: 2:20-cv-01784-JFC |
| Plaintiff, | |
| vs. | |
| GOOGLE, INC., a corporation, and ALPHABET, INC., a corporation, | |
| Defendants. | |

**<u>DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

I. THE CDA BARS LEWIS'S CLAIM AGAINST GOOGLE ............................................. 3

    A. The CDA Provides Broad Immunity To Interactive Service Providers .................. 4

    B. Lewis's Claim Against Google Is Barred By The CDA.......................................... 6

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Batzel v. Smith*,
    333 F.3d 1018 (9th Cir. 2003) ..................................................................................4, 5

*Bennett v. Google, LLC*,
    882 F.3d 1163 (D.C. Cir. 2018) ......................................................................................6

*DiMeo v. Max*,
    433 F. Supp. 2d 523 (E.D. Pa. 2006),
    *aff'd*, 248 F. App'x 280 (3d Cir. 2007) ............................................................................5

*Dowbenko v. Google Inc.*,
    582 F. App'x 801 (11th Cir. 2014) ..................................................................................6

*Green v. Am. Online (AOL)*,
    318 F.3d 465 (3d Cir. 2003)........................................................................................3, 8

*Inman v. Technicolor USA, Inc.*,
    Civil Action No. 11-666, 2011 U.S. Dist. LEXIS 133220
    (W.D. Pa. Nov. 17, 2011) ................................................................................................6

*Johnson v. Arden*,
    614 F.3d 785 (8th Cir. 2010) ...........................................................................................4

*Jones v. Dirty World Entm't Recordings LLC*,
    755 F.3d 398 (6th Cir. 2014) ...........................................................................................5

*Kabbaj v. Google, Inc.*,
    No. 13-1522-RGA, 2014 U.S. Dist. LEXIS 47425
    (D. Del. Apr. 7, 2014),
    *aff'd* 592 F. App'x 74 (3d Cir. 2015).............................................................................7, 8

*Kimzey v. Yelp! Inc.*,
    836 F.3d 1263 (9th Cir. 2016) ....................................................................................7, 8

*Marshall's Locksmith Serv. Inc. v. Google, LLC*,
    925 F.3d 1263 (D.C. Cir. 2019) ..................................................................................7, 8

*Mmubango v. Google, Inc.*,
    No. 12-1300, 2013 U.S. Dist. LEXIS 24989 (E.D. Pa. Feb. 22, 2013) .......................4, 6, 8

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
    564 F. Supp. 2d 544 (E.D. Va. 2008) ...................................................................4, 6, 7, 8

*Obado v. Magedson*,
    Case No. 13-2382 (JAP), 2014 U.S. Dist. LEXIS 104575
    (D.N.J. July 31, 2014),
    *aff'd*, 612 F. App'x 90 (3d Cir. 2015)..............................................................................3

*Parker v. Google*,
    242 F. App'x 833 (3rd Cir. 2007) (per curiam) ..................................................................7

*Parker v. Google, Inc.*,
    422 F. Supp. 2d 492 (E.D. Pa. 2006),
    *aff'd*, 242 F. App'x 833 (3d Cir. 2007)..................................................................3, 4, 7

*Ricci v. Teamsters Union Local 456*,
    781 F.3d 25 (2d Cir. 2015).................................................................................................5

*Saponaro v. Grindr, LLC*,
    93 F. Supp. 3d 319 (D.N.J. 2015) .......................................................................................3

*Small Justice LLC v. Xcentric Ventures LLC*,
    873 F.3d 313 (1st Cir. 2017)..........................................................................................7, 8

*Zeran v. Am. Online, Inc.*,
    129 F.3d 327 (4th Cir. 1997) .........................................................................................4, 5

### STATUTES

73 P.S. § 201-3....................................................................................................................8

47 U.S.C. § 230........................................................................................................ *passim*

### RULE

Fed. R. Civ. P. 12............................................................................................................1, 4

Defendants Google LLC[1] and Alphabet Inc. (unless otherwise specified, together, "Google"), submit this Brief in support of their Motion to Dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Google has no part to play in this dispute between Plaintiff Kerry Lewis ("Lewis") and a woman identified as 'Lolo Mosby' who wrote a negative online review about his legal practice. Google is a defendant solely because of its role as an interactive service that facilitates access to third-party content—a function that is vital to the everyday operation of the Internet and expressly immunized by federal law.

According to Plaintiff, Ms. Mosby's online review describes "a horrible experience interacting with Plaintiff in his professional capacity." (Complaint ("Cmpl."), ECF No. 1-2 at 5-9 ¶ 9.) Plaintiff claims this review is false, and that Google and its parent, Alphabet, "have refused to take any action and continue to maintain and disseminate the fake review . . . ." (Cmpl. ¶¶ 9-10; *see also id.* ¶¶ 11-12 (similar).) Plaintiff does not allege (nor could he allege) that Google played any role in creating or developing the content of the review at issue. Plaintiff nonetheless contends that Google is liable for "great injury to Plaintiff's good name, credit and reputation" as a result of Ms. Mosby's posting. (Cmpl. ¶ 13.)

Plaintiff's case is categorically barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230" or the "CDA"), a federal statute that provides broad immunity to online service providers in circumstances exactly like these. Congress enacted the CDA to help the Internet develop into a thriving marketplace of ideas. One of the express purposes of this

---

[1] Plaintiff misidentified "Google LLC" as "Google Inc." in the caption. (*See* Cmpl.).

statute was to make clear that online services cannot be sued for republishing allegedly defamatory content created by Internet users, or compelled on pain of liability to remove such content from their services. An unbroken line of cases in the Third Circuit and throughout the country has applied Section 230 to bar such claims, including countless cases involving Google and other websites that provide access to third-party business reviews.

Plaintiff's lawsuit against Google runs headlong into this federal statutory immunity. The deficiencies in Lewis's Complaint cannot be cured through amendment, and Google therefore respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

## BACKGROUND

Google provides a variety of services to the public through its website located at www.google.com, including an automated search engine that indexes other websites so they may be discovered through user-generated search queries. For certain queries, Google's search engine also displays third-party reviews of business establishments. Reviewers may rate businesses on a scale of 1 to 5 stars. As is the case here, the reviews and ratings are generated entirely by third parties—not by Google itself. (*See* Cmpl. ¶¶ 8-9 & Ex. A.)

Plaintiff practices law in Pittsburgh, Pennsylvania. (Cmpl. ¶¶ 1, 4.) In approximately April 2020, an individual with the user name Lolo Mosby wrote a one-star review of Plaintiff's law practice. (Cmpl. Ex. A.) Ms. Mosby reported negative feelings about Mr. Lewis because he "said he would work my case probono [sic]," but ultimately he "never helped me at all." (*Id.*)[2]

---

[2] Plaintiff claims that "the review is a fraud" because "Plaintiff has never had a client named 'Lolo Mosby[.]'" (Cmpl. ¶ 10; *see also id.* at ¶ 9 (misquoting Ms. Mosby's review as "describ[ing] Plaintiff as 'failing to show up for a hearing,'" though the review does not use those words).)

2

Plaintiff does not and could not allege that Google played any role in authoring the review at issue. The Complaint alleges the review comes from *Ms. Mosby*. (Cmpl. ¶ 9.) Still, Plaintiff has chosen to sue Google, without specifying a cause of action, because Google "published a 'review' by a 'Lolo Mosby,'" and "fail[ed] to conduct an investigation and remove the fraudulent review[.]" (Cmpl. ¶¶ 9, 13.)

## ARGUMENT

I.  **THE CDA BARS LEWIS'S CLAIM AGAINST GOOGLE**

Under Section 230 of the CDA, Google, as an "interactive computer service," is immune from any claim that seeks to hold it responsible as the "publisher or speaker of any information provided by another." 47 U.S.C. § 230(c)(1); *accord Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003) ("By its terms, § 230 provides immunity to AOL as a publisher or speaker of information originating from another information content provider."); *Saponaro v. Grindr, LLC*, 93 F. Supp. 3d 319, 323 (D.N.J. 2015) ("[I]nteractive computer service providers cannot be held liable for publishing harmful information that is generated by a third party.").

District courts in this circuit have repeatedly recognized that the CDA broadly bars claims against online services arising from third-party content, and have specifically invoked the CDA in cases brought against Google. *See Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 501 (E.D. Pa. 2006) (invoking the CDA to dismiss with prejudice claims based on defamatory statements posted on USENET, a system of online bulletin boards maintained by Google), *aff'd*, 242 F. App'x 833 (3d Cir. 2007); *Kabbaj v. Google, Inc.*, No. 13-1522-RGA, 2014 U.S. Dist. LEXIS 47425, at *2, *12 (D. Del. Apr. 7, 2014), *aff'd*, 592 F. App'x 74 (3d Cir. 2015) (invoking the CDA to dismiss with prejudice claims based on defamatory communications contained on a blogger service and profile pages administered by Google); *Obado v. Magedson*, Case No. 13-2382 (JAP), 2014 U.S. Dist. LEXIS 104575, at *30 (D.N.J. July 31, 2014) (dismissing with prejudice under the CDA

claims based on Google search results that linked to content plaintiff found objectionable), *aff'd*, 612 F. App'x 90 (3d Cir. 2015); *Mmubango v. Google, Inc.*, No. 12-1300, 2013 U.S. Dist. LEXIS 24989, at *7 (E.D. Pa. Feb. 22, 2013) (dismissing with prejudice under the CDA defamation claims based on Google search results that linked to derogatory statements).

This case is no different.

A. **The CDA Provides Broad Immunity To Interactive Service Providers**

The CDA provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  The statute expressly preempts any state law to the contrary, *id.* at § 230(e)(3) ("[N]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.").[3]  "By its plain language, § 230 creates a federal immunity to any cause of action that would make service providers liable for information originating from a third-party user of the service."  *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997); *accord Johnson v. Arden*, 614 F.3d 785, 791 (8th Cir. 2010) ("Read together, these provisions bar plaintiffs from holding ISPs [Internet service providers] legally responsible for information that third parties created and developed.").

Section 230 does "not [] treat providers of interactive computer services like other information providers such as newspapers" "under statutory and common law," *Batzel v. Smith*, 333 F.3d 1018, 1026 (9th Cir. 2003) (citation omitted), because "Congress recognized the threat that tort-based lawsuits pose to freedom of speech in the new and burgeoning Internet medium."

---

[3] Section 230 recognizes only a handful of exceptions.  Prosecutorial enforcement of federal criminal laws is outside the ambit of immunity, as are civil claims for violation of the Electronic Communications Privacy Act, sex trafficking laws, and federal intellectual property rights.  *See* 47 U.S.C. § 230(e)(1), (2), (4), (5).  None of these exceptions is applicable to this case.

*Zeran*, 129 F.3d at 330. If online services were subject to traditional publisher or distributor liability, they would be forced to investigate and pass upon countless notices of allegedly defamatory statements posted to the Internet. "Although this might be feasible for the traditional print publisher, the sheer number of postings on interactive computer services would create an impossible burden in the Internet context." *Id.* at 333. This would give providers "a natural incentive simply to remove messages upon notification, whether the contents were defamatory or not," creating a chilling effect for online speech. *Id.* "[A]bsent federal statutory protection, interactive computer services would essentially have two choices: (1) employ an army of highly trained monitors to patrol (in real time) each chatroom, message board, and blog to screen any message that one could label defamatory, or (2) simply avoid such a massive headache and shut down these fora. Either option would profoundly chill Internet speech." *DiMeo v. Max*, 433 F. Supp. 2d 523, 528-29 (E.D. Pa. 2006), *aff'd*, 248 F. App'x 280 (3d Cir. 2007); *see also Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 407-08 (6th Cir. 2014) ("[T]he immunity provided by § 230 protects against the 'heckler's veto' that would chill free speech.").

To avoid this problem, Congress chose "for policy reasons to immunize from liability for defamatory or obscene speech providers and users of interactive computer services when the . . . material is provided by someone else." *Batzel*, 333 F.3d at 1020 (internal quotation marks and citation omitted). Only those who *originally* create or develop content on the Internet (such as Ms. Mosby) may be sued in connection with such content; online service providers who merely host or display that content (such as Google) are immune from such claims.

"In short, a plaintiff defamed on the internet can sue the original speaker, but typically 'cannot sue the messenger.'" *Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 28 (2d Cir. 2015) (citation omitted). "None of this means, of course, that the original culpable party who posts

defamatory messages [will] escape accountability. It means only that, if [plaintiff] takes issue with [a third-party's] post, her legal remedy is against [the third party] [her]self as the content provider, not against Google as the publisher." *Bennett v. Google, LLC*, 882 F.3d 1163, 1168 (D.C. Cir. 2018). Where a plaintiff ignores that and proceeds against an online service like Google, courts have recognized the importance of addressing the immunity at the outset of the case. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-56 (4th Cir. 2009) ("Section 230 immunity, like other forms of immunity, is generally accorded effect at the first logical point in the litigation process. . . . We thus aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from ultimate liability, but also from having to fight costly and protracted legal battles." (internal quotation marks and citation omitted)); *Inman v. Technicolor USA, Inc.*, Civil Action No. 11-666, 2011 U.S. Dist. LEXIS 133220, at *20 (W.D. Pa. Nov. 17, 2011) (dismissing the case against eBay as an interactive computer service because "[i]t is appropriate to address immunity on a Rule 12(b)(6) motion if the elements necessary to make an immunity finding are apparent from the face of the complaint").

**B.**   **Lewis's Claim Against Google Is Barred By The CDA**

There can be no question that "Google qualifies as an 'interactive computer service'" under the CDA. *Parker*, 422 F. Supp. 2d at 501; *see also Dowbenko v. Google Inc.*, 582 F. App'x 801, 805 (11th Cir. 2014) ("It is uncontested that Google is an interactive computer service provider[.]"); *Mmubango*, 2013 U.S. Dist. LEXIS 24989, at *5 ("Google is an interactive computer service provider."); 47 U.S.C. § 230(f)(2) (defining "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server").

6

Lewis here seeks to hold Google liable for damage allegedly caused by Ms. Mosby's review, because he believes that, after making the review available, Google should be responsible for its content. (*See* Cmpl. ¶ 9.) The claim is barred by the CDA, because as an "interactive computer service," Google was affording its users access to "information provided by another information content provider," *i.e.*, Ms. Mosby. 47 U.S.C. § 230(c)(1); *see Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1265-66 (9th Cir. 2016) (suit against Yelp based on its hosting and publication of two user-generated negative business reviews is "a claim without any hope under our precedents"); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 564 F. Supp. 2d 544, 546-47 (E.D. Va. 2008) (suit against operator of "a website through which third-party consumers post reviews" dismissed because "Defendant is entitled to immunity under the CDA because it is a provide[r] of an interactive computer service, the postings at issue . . . were provided by a separate information content provider, and Plaintiffs' claims seek to treat Defendant as a publisher of the third party content at issue").

Lewis does not actually assert any specific cause of action against Google. But even if he had, it would not matter. Section 230 bars any claim seeking to hold Google liable for the review, regardless of how that claim is styled. *See Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1267 (D.C. Cir. 2019) ("As courts uniformly recognize, § 230 immunizes internet services for third-party content that they publish, including false statements, against causes of action of all kinds."); *see also Kabbaj*, 2014 U.S. Dist. LEXIS 47425, at *10-*12 (Section 230 bars various tort claims premised on Google hosting false information supplied by third-party); *Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 316 (1st Cir. 2017) (affirming dismissal under the CDA of claims of libel and intentional interference with prospective contractual relations against an interactive computer service that "permit[s] consumers to post free complaints . . . about companies and individuals").

Nor can Plaintiff circumvent the CDA by accusing Google of a "failure to . . . remove the fraudulent review" rather than authoring the review in the first instance. (Cmpl. ¶ 13.) In *Parker v. Google*, 242 F. App'x 833, 838 (3rd Cir. 2007) (per curiam), the plaintiff contended that Google failed to remove links from its search results after being notified that the links led to defamatory content. The Third Circuit affirmed that the plaintiff's notice to Google did not affect Google's entitlement to immunity because the claims were premised on the allegation that "Google failed to address harmful content posted by others against him on the Internet." *Id.* Likewise, in *Mmubango*, the district court found that "Google cannot be held liable for failing to withdraw [a] statement once it has been published." 2013 U.S. Dist. LEXIS 24989, at *8. And in *Green*, the plaintiff alleged that he notified AOL that a particular user had transmitted unlawful and defamatory content on its network, and sought to hold AOL liable for failing to stop the user from harming and defaming him. 318 F.3d at 469. But the court rejected "attempts to hold AOL liable for decisions relating to the monitoring, screening, and deletion of content from its network—actions quintessentially related to a publisher's role." *Id.* at 471.

Lewis's claim fares no better than those dismissed in *Kimzey*, *Nemet Chevrolet*, *Marshall's Locksmith*, *Kabbaj*, *Small Justice*, *Parker*, *Mmubango*, *Green*, and hundreds of other cases. Amending the Complaint would be futile; Plaintiff cannot plead around the CDA. The Court should therefore dismiss the Complaint in its entirety with prejudice.[4]

---

[4] Though the Court need not reach the issue in light of the CDA, Pennsylvania law similarly exempts Internet service providers from claims of unfair or deceptive business practices. *See* 73 P.S. § 201-3 ("The provisions of this act shall not apply . . . to any owner, publisher, printer, agent or employe [sic] of an Internet service provider . . . who, in good faith and without knowledge of the falsity or deceptive character thereof, publishes, causes to be published or takes part in the publication of such advertisement.").

## **CONCLUSION**

For the reasons set forth above, Google respectfully requests that the Court dismiss the claims against it in the Complaint with prejudice.

          TUCKER ARENSBERG, P.C.

          */s/ Ryan James*
          Ryan James
          Pa. I.D. #82799

          J. Andrew Salemme
          Pa. I.D. #298257

          1500 One PPG Place
          Pittsburgh, PA  15222
          (412) 566-1212
          rjames@tuckerlaw.com
          asalemme@tuckerlaw.com

          Attorneys for Defendants
          Google LLC and Alphabet Inc.

          Dated:  November 25, 2020

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served upon the following party via United States mail, first class, postage prepaid, this 25th day of November, 2020:

Kerry Lewis, Esq.<br>
Lewis, Lewis & Reilly<br>
1040 Fifth Avenue, 1st Floor<br>
Pittsburgh, PA 15219

*/s/ Ryan James*
Ryan James