IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KERRY LEWIS, an adult individual,

    Plaintiff,

vs.

GOOGLE, INC., a corporation, and
ALPHABET, INC., a corporation,

    Defendants.

Civil Action No.: 20-cv-1784-JFC

### PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS

AND NOW, comes the Plaintiff, Kerry Lewis, by and through his counsel, John K. Lewis, Jr., Esquire, and the Law Firm of Lewis, Lewis & Reilly, and files the within Plaintiff's Brief in Response to Defendants' Motion to Dismiss, and in support thereof avers as follows:

### FACTS

Plaintiff, Kerry Lewis, brings this claim against Defendant Google and Defendant Alphabet (hereinafter "Defendants") arising out of an incident that occurred on or before April 2020. Plaintiff is a registered attorney in the Commonwealth of Pennsylvania and has been a practicing attorney for over fifty (50) years.

A person identifying herself as 'Lolo Mosby' posted a false and negative review on Defendant Google's platform alleging Plaintiff had represented her in his professional capacity as an attorney. Ms. Mosby, stated that "Mr. Lewis … had failed her and never attended court with her …" She further states, Mr. Lewis "never helped her at all and gave her tons of broken

1

promises …" (See Complaint Exhibit "A" attached hereto.) Plaintiff discovered this posted review using Google's search engine and immediately attempted to identify who 'Lolo Mosby" was and in what, if any, capacity he represented her. After a thorough search of his professional records Plaintiff verified he never represented a Lolo Mosby in any capacity.

Plaintiff notified Defendants that Ms. Mosby's negative review was false and for eight months repeatedly informed Defendants that he never represented a 'Lolo Mosby' and requested that Defendants take the false and vexatious posting down from the Google search engine. Defendants refused to investigate the matter even though Defendants had readily available information to corroborate the review was fake and "Lolo Mosby" was not a real person, but simply someone using a pseudonym to avoid being linked to the fake 'post.'

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a Court must "accept all of the Plaintiff's allegations as true and construe all inferences in light most favorable to the non-moving party." Umland v. Planco Fin Servs, 542 F.3d 59, 64 (3rd Cir. 2009).

Plaintiff's complaint states a cause of action arising out of Defendants' conduct, which is not protected by Section 230 of the Content Decency Act, commonly referred to as Section 230 liability immunity as set out  47 USCS §230(c) entitled Protection for "Good Samaritan" blocking and screening of offensive material states:

> (c)PROTECTION FOR "GOOD SAMARITAN" BLOCKING AND SCREENING OF OFFENSIVE MATERIAL
>
> (1)Treatment of publisher or speaker
> No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.

(2)Civil liability No provider or user of an interactive computer service shall be held liable on account of—

(A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or
(B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph;
(D)Obligations of interactive computer service. A provider of interactive computer service shall, at the time of entering an agreement with a customer for the provision of interactive computer service and in a manner deemed appropriate by the provider, notify such customer that parental control protections (such as computer hardware, software, or filtering services) are commercially available that may assist the customer in limiting access to material that is harmful to minors. Such notice shall identify, or provide the customer with access to information identifying, current providers of such protections.

The instant Complaint asserts Defendants received adequate notice of fraud and willfully chose not to investigate it and ignored readily available information to verify that the content material was false. Further, Defendants have the electronically stored information, which proved "Lolo Mosby" was a pseudonym used by the person submitting the false content.

Ms. Mosby's review of Plaintiff in his professional capacity as an attorney was false, demeaning and an outright lie. Plaintiff notified Defendants regarding the falsity of Ms. Mosby's post and Defendants rejected multiple requests to investigate the fraud, notwithstanding Defendants had information readily available as the "internet service provider, which maintained the 'post' on its search engine service.

The Defendants' willful, wanton, and wrongful disregard of Plaintiff's well-founded notice of the fake, fraudulent and harassing posted material was a breach of their duty to make a reasonable investigation of third-party content and remove the material if it was false, objectionable and/or harassing.

Section 230 of the Communications Decency Act provides immunity to Defendants as "interactive computer service" providers, but that immunity does not extend to ancillary claims arising from providers' willful disregard to investigate false, objectionable and harassing third-party content after receipt of credible notice that the third-party content is fake and objectionable.

In fact, Section 230 encourages an "internet service provider" to act as a "Good Samaritan" and remove harassing and objectionable third-party content voluntarily in the following circumstances:

> "(A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected;
> (B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph; 47 USCS §230(2)(A)(B)

Plaintiff notified Defendants on several occasions beginning in April 2020 about the deceptive, false and vexatious post by Ms. Mosby. Defendants had all the tools necessary at their disposal to investigate Plaintiff's claim. Their refusal to take any action and continue to maintain and disseminate the fake review in connection with internet searches of Plaintiff have caused great harm to his reputation as a practicing attorney.

The gist of Plaintiff's complaint is not a civil suit alleging that Defendants are liable as "interactive computer service" for providing access to the false and fraudulent third-party content submitted by the fake Lolo Mosby. Rather, Plaintiff asserts a cause of action grounded in Defendants' intentional refusal to conduct a responsible investigation after receiving repeated notices that a third-party post regarding Plaintiff was false, fraudulent and the product of deceit by someone using the pseudonym "Lolo Mosby."

Defendants have immunity to capture data and disseminate information in response to internet searches, without liability Under Section 230 immunity, but that immunity is not without bounds and does not apply when Defendants willfully and wrongfully avoid removing false and fraudulent third-party content, which is intended to injure another's business or professional reputation.

Defendants have cited numerous cases involving civil claims lodged against internet service providers as publishers, but that is not the Plaintiff's theory here. The present claim rests solely on Defendants refusal to investigate third-party content after receiving credible notice that the content was false, fraudulent and authored by someone using a pseudonym to hide his or her identity. Further, Defendants refused to remove the objectionable content from their platform and protect Plaintiff who sustained harm from the fake content.

Justice Thomas addressed the broad immunity of Section 230 and its impact on Plaintiff's opportunity for a chance to raise their claims in the first instance. He opined, quoting Accusearch Info. Sys. v. Vengroff, 2006 Fla. Cir. LEXIS 510, in *Malwarebytes, Inc. v. Enigma Software Grp, USA, LLC,* 208 L. Ed. 2d 197, "Their (Plaintiff's) claims rested instead on alleged product design flaws--that is, the defendant's own misconduct." The Justice went on to state, "Pairing back the sweeping immunity courts have read into §230 would not necessarily render defendant liable for online misconduct. It simply would give plaintiffs a chance to raise their claims in the first place." *Malwarebytes, Inc. v. Enigma Software Grp, USA, LLC,* 208 L. Ed. 2d 197, 201.

Defendants as an "interactive computer service" have a duty to conduct their enterprise in "good faith." Section 230 immunity does not apply to these ancillary circumstances that do not involve "publishing of third-party content" but relates to subsequent conduct of Defendants where they unilaterally refused to investigate fake third-party content rift with disparaging statements, after receiving credible notice that the content was fraudulent, and failed to remove it from the platform, ultimately justifying its inaction on the basis of immunity protection.

## CONCLUSION

Section 230 immunity does not preclude Plaintiff's civil claim that Defendants after credible notice of false and harassing third-party content, willfully and wrongly refused to investigate the false content which caused damage to the Plaintiff and remove it from the Defendants' internet service provider's platform.

Respectfully submitted,

**LEWIS, LEWIS & REILLY**

By: /s/John K. Lewis, Jr., Esquire
    John K. Lewis, Jr., Esquire
    Pa. I.D. #83722

    1040 Fifth Avenue, 1st Floor
    Pittsburgh, PA 15219-6268
    (412) 391-0818
    *john_lewis@lewislewisreilly.net*

    Attorney for Plaintiff

    Dated: December 23, 2020