IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KERRY LEWIS,** | CIVIL ACTION NO.  20-1784 |
| Plaintiff, | |
| v. | |
| **GOOGLE, INC. AND ALPHABET, INC.** | |
| Defendants. | |

## OPINION

Plaintiff Kerry Lewis ("Lewis"), an attorney proceeding pro se, alleges that his professional reputation is being harmed by a fraudulent and defamatory review created by a purported client and posted on the internet.  (Complaint, ECF No. 1-2.)  In this case, Lewis seeks judicial relief due to the refusal by defendants Google, Inc. and Alphabet, Inc. (collectively, "Google")[1] to remove the negative review.  Google filed a motion, with brief in support, to dismiss this case with prejudice (ECF Nos. 4, 5).  Lewis filed a response and brief in opposition (ECF Nos. 6, 7) and Google filed a reply brief.  The motion is ripe for decision.

Factual and Procedural Background

As set forth in the complaint, which is accepted as true, Lewis is an attorney and a member of the law firm Lewis, Lewis & Reilly.  In the complaint, Lewis acknowledges that Google operates an internet search engine that provides users with access to millions of websites.

---

[1] Defendants point out that the correct legal entity is "Google LLC," rather than "Google, Inc.," as reflected in the caption.

Google publishes and disseminates reviews of businesses, authored by individuals, which may be positive, neutral or negative, depending on the individual's opinion of his or her experience with that business. The reviews are posted by the individual on Google's platform. *Id.* ¶¶ 7-8.

Google published an undated review of Kerry Lewis Law by "Lolo Mosby," in which she rated his services "zero" and accused him of poor professional conduct. (Complaint Ex. A). Lewis reported to Google that the review is fraudulent and he never had a client named "Lolo Mosby." Google refused to investigate or take any action to remove the review and continues to disseminate it, despite Lewis' numerous requests that it be removed and his offers to prove that the review is fraudulent. *Id.* ¶¶ 9-12. The court takes judicial notice that a search for Google reviews of Kerry Lewis Law discloses the review from "Lolo Mosby." https://www.google.com/search?q=kerry+lewis+law+reviews&rlz=1C1GCEU_enUS823US823&oq=kerry+lewis+law+reviews&aqs=chrome..69i57.6173j0j7&sourceid=chrome&ie=UTF-8#lrd=0x8834f15e86ae427f:0x66a66de5cc7f59f8,1, last visited December 18, 2020. Lewis contends that Google's "failure to conduct an investigation and remove the fraudulent review has caused damage to [his] professional reputation." Complaint ¶ 13.

Legal Analysis

Google contends that it has been granted broad immunity from this kind of claim by Congress in the Communications Decency Act, 47 U.S.C. § 230(c)(1), which was originally enacted in 1996 when the internet was relatively new. Although the court sympathizes with the plight faced by Lewis and other victims of false or fraudulent online reviews, the court is constrained to agree with Google and dismiss this case with prejudice.

The Communications Decency Act states, in relevant part: "No provider [ ] of an

interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).  Congress expressly preempted state law claims as well, providing that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3).  In *Bennett v. Google, LLC*, 882 F.3d 1163 (D.C. Cir. 2018) (involving a negative review of a sports apparel company by a disgruntled former employee which Google refused to remove), the court explained that the broad statutory protection represents a knowing and intentional policy choice by Congress.  Congress may need to address via legislation the harm caused by Google by continuing to publish statements which it allegedly knows or has reason to know are false.

Lewis cites to *Malwarebytes, Inc. v. Enigma Software Grp. USA, LLC*, 141 S. Ct. 13 (2020).  In *Malwarebytes*, Justice Thomas agreed with the Supreme Court's decision to deny certiorari in a case which raised issues about the broad immunity granted by § 230.  He wrote separately "to explain why, in an appropriate case, we should consider whether the text of this increasingly important statute aligns with the current state of immunity enjoyed by Internet platforms."  *Id.* at *14.  Justice Thomas observed that the scope of immunity protection afforded in prior decisions exceeds Congress' intent and that the purposes and policy considerations underlying § 230 are ripe for reexamination in an internet-driven society.  Justice Thomas identified several contexts in which the immunity seemed particularly overbroad, for example, allegations that the internet service provider edited content, knowingly hosted child pornography or engaged in race discrimination.  *Id*. at *17-18.  Justice Thomas, however, acknowledged the "sweeping protection" courts have afforded to internet platforms in cases like this.  *Id*. at *15.

In this case, the contexts questioned by Justice Thomas are not implicated and like in

*Malwarebytes*, this case is not a proper vehicle to examine the policies and purposes underlying § 230.

This court must address whether, as a matter of law, the statutory protection in § 230 applies to Google under the factual circumstances of this case, as alleged in the complaint. In *Bennett,* the court set forth a three-part test to determine whether Google can establish immunity. Google must show: (1) it is a "provider or user of an interactive computer service"; (2) the relevant post contains "information provided by another information content provider"; and (3) the complaint seeks to hold Google liable as the "publisher or speaker" of the post. *Id.* at 1166 (citation omitted). In other words, the law distinguishes "service" from "content." *Id.* at 1167. The court recognized that an internet company does not create content "when it merely provides a neutral means by which third parties can post information of their own independent choosing online." *Id.* (citation omitted).

Each prong of the test is met in this case. First, the term "internet service provider" is defined in the statute as: "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). Courts that considered similar issues found that Google qualifies as an "interactive computer service" provider. *Bennett*, 882 F.3d at 1167 (citations omitted). This court was unable to locate any decisions to the contrary. Lewis recognizes in the complaint that Google operates an internet search engine that provides users with access to millions of websites. Second, Lewis alleges in the complaint that "Lolo Mosby"—not Google—created the "content," i.e., the fraudulent and harmful review of his professional services. Third, Lewis seeks to hold Google liable as a

publisher for refusing to investigate or take any action to remove the review. As explained in *Bennett*, "the decision to print or retract is fundamentally a publishing decision for which the CDA provides explicit immunity." *Id.* at 1168 (quoting *Zeran*, 129 F.3d at 332 ("[B]oth the negligent communication of a defamatory statement and the failure to remove such a statement when first communicated by another party ... constitute publication.")). In sum, based upon the allegations in the complaint, construed in the light most favorable to Lewis, Google is entitled to the immunity protection provided by the Communications Decency Act.

In *Bennett*, the court observed that a victim, such as Lewis, is not entirely without legal recourse because he may seek relief against the person who posted the allegedly defamatory message. *Id.* As explained in *Bennett*, Lewis' legal remedy is against "the content provider, not against Google as the publisher." *Id.* In this case, Lewis asserts that Lolo Mosby is a fake name and, therefore, this avenue of relief is illusory. Under current law, or unless Congress enacts amendments to the Communications Decency Act, however, Lewis may not obtain relief against Google.

The court concludes that Lewis will not be afforded an opportunity to file an amended complaint because the court does not perceive how his claim might become cognizable. Lewis did not present any arguments about how the issues raised by Justice Thomas in *Malwarebytes* could be addressed by this court in light of the facts of this case, the text of the statute and the present state of immunity decisional law. There is no real dispute that Lewis' fundamental theory is that Google should be held liable for failing to remove harmful content created by Lolo Mosby from its network. The Third Circuit Court of Appeals held that § 230 of the Communications Decency Act "specifically proscribes liability" in such circumstances. *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003). Although Lewis sought only monetary

damages in the complaint, § 230 immunity has been found to bar injunctive relief, as well.  In *Green*, the case was dismissed even though the plaintiff sought injunctive relief.  *Green*, 318 F.3d at 470.  Under the circumstances of this case, therefore, amendment would be futile.

Conclusion

     For the reasons set forth above, the motion to dismiss this case (ECF No. 4) will be granted.  Although the court is sympathetic to Lewis' plight, it concludes that under the circumstances set forth in the complaint, the current case law recognizes that Google is entitled to the immunity protections provided by § 230 of the Communications Decency Act.  The complaint will be dismissed with prejudice because amendment of the complaint would be futile.  The clerk will be instructed to mark this case closed.

     An appropriate order will be entered.

Dated:  January 21, 2020

                                      /s/ Joy Flowers Conti
                                      Joy Flowers Conti
                                      Senior United States District Judge